**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CAROL PIPER,

                  Plaintiff,

v.                                      Case No:   6:24-cv-647-AGM-LHP

SPEEDY WHEELS TRANSPORT, LLC
and DMITRIY IVANOVICH SONNIK,

                  Defendants

---

## ORDER

Before the Court is Defendants' Unopposed Renewed/Amended Motion to File Exhibits Under Seal. Doc. No. 66. By the motion, Defendants seek to file under seal several exhibits to their Motion to Strike Plaintiff's Pleadings for Fraud on the Court or Alternative Motion for Other Sanctions (Doc. No. 64), each of which are excerpts of Plaintiff's medical records and Social Security Disability records, which Defendants claim are relevant to resolution of the Motion to Strike. *Id.* Plaintiff does not oppose the motion to seal, "so long as the Defendant redacts information Plaintiff's Social Security Number, sexual history, and mental health issues to the extent reasonably practicable[.]" *Id.* at 12. On review, the motion (Doc. No. 66) will be **GRANTED**.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11.   The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records.   *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).   "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.   Whether good cause exists is decided by the nature and character of the information in question."   *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.   *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

"Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions." *NXP B.V. v. Blackberry Ltd.*, No. 6:12-cv-498-Orl-YK-TBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar. 17, 2014). "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" *Romero*, 480 F.3d at 1246 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)). Therefore, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Trib. Co.*, 263 F.3d at 1312.

Here, Defendants seek to file excerpts of Plaintiff's medical records under seal in support of a dispositive motion. Doc. No. 66, at 2–4; *see also* Doc. No. 64. Defendants contend that filing the medical records is necessary for resolution of their pending motion (Doc. No. 64), and sealing the items is necessary because the documents contain sensitive and private medical information, including complaints, evaluations, diagnoses, and treatment, and information that is confidential pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). Doc. No. 66, at 4. Defendants further assert that Plaintiff would suffer injury to her privacy rights if the records were made public, and there is no

way to adequately redact the private medical information from the exhibits and still provide the Court the information necessary for resolution of Defendants' pending motion.   *Id.* at 8, 9.

Upon consideration, given the representations in the motion, and with Plaintiff's lack of opposition, the Court finds that Defendants have carried their burden of demonstrating good cause to support sealing at this juncture.   *See, e.g.*, *Clark v. FDS Bank*, No. 6:17-cv-692-Orl-41TBS, 2018 WL 6503583, at *2 (M.D. Fla. Dec. 11, 2018) ("The law recognizes a person's privacy interest in their personal medical information."); *Pena v. Marcus*, No. 6:15-cv-69-Orl-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016) (granting motion to seal medical records in support of response to motion for summary judgment, finding that "Plaintiff's privacy interest outweighs the public's interest in learning the details of her health contained in her medical records").

Accordingly, Defendants' motion (Doc. No. 66) is **GRANTED**.   On or before **February 20, 2026**, Defendant shall file the exhibits under seal as a separate docket entry.   At any point in this litigation, however, the Court may determine that the information is not properly subject to continued sealing, and the Court may require that some or all of the information filed under seal be filed in the public record. Otherwise, absent further order of the Court unsealing the documents, this seal

shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted.   *See* Local Rule 1.11(e).

      **DONE** and **ORDERED** in Orlando, Florida on February 18, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record